## Commonwealth v. Bowser

*Weimer, Bennett & Jones*, for appellant.
*Charles A. Greer*, for Commonwealth.

McKENRICK, J., September 15, 1948.—Defendant was charged with possession of an assignment of a certificate of title to a motor vehicle "knowing the same to have been altered". The Vehicle Code of May 1, 1929, P. L. 905, sec. 211, and the Act of June 29, 1937, P. L. 2329, sec. 1, make the offense a felony and provide for the punishment of the guilty person.

Defendant entered a plea of nolo contendere to an indictment which in the second count thereof charged the offense as a misdemeanor when it should have

charged the same as a felony. When the proceedings in the court of quarter sessions were certified to the Secretary of Revenue, the offense was designated as a misdemeanor and an order suspending the operating privilege of defendant was issued effective May 11, 1948.

On May 13, 1948, defendant was allowed an appeal from the order of suspension and this court fixed June 18, 1948, as the date of hearing on said appeal. The order allowing the appeal provided that the order of suspension issued by the Secretary of Revenue be suspended pending determination of the matter before the court de novo. On May 21, 1948, the Department of Revenue informed counsel for defendant, inter alia, that "this appeal acts as a supersedeas, and we have restored your client's operating privileges pending disposition of his court hearing". On June 8, 1948, the Department of Revenue wrote a letter to defendant which contained, inter alia, the following:

"You are hereby notified that upon advice from the Attorney General, we are rescinding our suspension of one year for misdemeanor in connection with the use of motor vehicle. We have been ordered to revoke your license for a period of one year for felony in connection with the use of a motor vehicle under section 211 and section 614-B-3 of The Motor Vehicle Code, P. L. 905, No. 403, as amended, a copy of this revocation notice is herewith enclosed."

It is to be noted that the appeal before us was taken from the order of suspension of May 11, 1948, and was pending in this court at the time the order of revocation was issued. While the date of hearing had been fixed, the hearing on the appeal had not taken place. While it was probably within the province of the Secretary of Revenue to rescind the order of suspension as having been made inadvertently and, in lieu thereof, issue an order of revocation, we think the proper practice would have been to petition this court

for leave to withdraw the suspension proceedings then pending on appeal. This court had before it the legality of the suspension and our jurisdiction was summarily ousted without notice and without our leave. The only matter before us arises out of the suspension and the appeal therefrom, and since there is no longer in existence an order of suspension and no appeal lies from an order of revocation, the question as we view it is now moot and academic. Under the circumstances, we are without authority of law to make any order whereby defendant might have been permitted to operate his vehicle under restricted license.

Nothwithstanding that a revocation was substituted for the order of suspension, the matter was called before the court for hearing on the appeal where counsel appeared for defendant as well as for the Commonwealth of Pennsylvania. That proceeding was a useless waste of the court's time since the suspension was no longer in effect and no appeal had been taken nor could any have been taken from the subsequent order of revocation. Under the circumstances, we have nothing to do but dismiss the appeal from the suspension.